RECEIVED

SEP 26 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

In

**United States District Court, Eastern District of Missouri,
Republic of Missouri**

Amy D. Burlison
*Plaintiff*

*v.*

MERCY HOSPITAL SOUTH, a corporation

*Defendant(s)*

*Including but not limited to these named
Persons and corporations others to be
Named later. Plaintiff reserves the right to add
Additional defendants as the case progresses.
Defendants*

CASE #

ACTION FOR TRESPASS:
CLAIM FOR DEPRIVATION OF RIGHTS
AMENDMENTS I & XIV

CIVIL RIGHTS ACT VIOLATION
TITLE VII

**TRIAL BY JURY DEMANDED**

**ACTION OF TRESPASS:**

**DECLARATION:**

**VENUE**

Venue is proper in the EASTERN DISTRICT OF MISSOURI. The Defendants, MERCY

HOSPITAL SOUTH facility is located geographically within the state of Missouri. A substantial

part of the events or omissions giving rise to Plaintiffs' claims occurred in St. Louis, Missouri. 28

U.S.C. §1391(a)(2). Defendants transacted their affairs in Salem, Massachusetts. 18 U.S.C.

§1965(a). St. Louis is located within the territory known as Missouri under the purview of this

district court.

**Jurisdiction:**

This is an action for deprivation of rights and violations of the Civil Rights Act, by a corporate entity which receives State and Federal funding, and the Amendments I & XIV to the Constitution for the United States of America. This Court has jurisdiction pursuant 28 U.S.C. § 1331 as there is a federal question of compelled speech, freedom of religion, and freedom to make personal medical decisions.

Diversity Jurisdiction arises pursuant to Article III sec. 2 of the constitution for the United States of America "between a State and Citizens of another State;... and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects" Plaintiff has brought claim against MERCY HOSPITAL SOUTH for religious suppression, civil rights Act violation, retaliation for medical decisions and first amendment suppression. MERCY HOSPITAL SOUTH receives and utilizes funding from STATE OF MISSOURI and THE UNITED STATES and is a subsidiary thereof as per 1 CFR § 51 *INCOPRPORATION BY REFERENCE* see 18 USC § 8 *OBLIGATIONS OF THE UNITED STATES* thereby creating prejudicial controversy between said People and the State as per the plain language of Article III sec. 2. Diversity occurs when the STATE and thereby the UNITED STATES is a party to the proceeding. The traditional justification for diversity jurisdiction is to open the federal courts' doors to those who might otherwise suffer from local prejudice against Parties; axiomatic prejudice exists within the STATE courts when the STATE is a Principal Respondent to the process. Further, the amount in controversy is greater than $75,000.00 USD. 28 USC § 1332 applies.

"We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution." *Cohens v. Virginia,* 19 U.S. 264, 6 Wheat. 265, 5 L.Ed. 257 (1821).

**Administrative Remedies Have Been Exhausted:**

All conditions precedent to filing claims under Title VII have been performed and/or have occurred. With particularity, Plaintiff filed a timely charge of religious discrimination with the US Equal Employment Opportunity Commission in August of 2022 which issued a Right to Sue notice August 24, 2022 [hereunto attached].

This action is brought within the ninety (90) day limitation stated within the letter from EEOC. Plaintiff has fully exhausted the administrative remedies and is entitled to file in US District Court. This matter is ripe for jury review and judicial enforcement.

**Commencement, for all actions:**

COMES NOW Amy D. Burlison, who is at all times mentioned in the following declarations and actions at law, one of the People, an American, having come of full age, having been found to be living, competent to give the testimony stated herein, (hereinafter "Plaintiff") and in this court of record, (hereinafter, "Superior Court") comes upon an action of trespass against MERCY HOS-PITAL SOUTH, a corporation, and others to be possibly named later (hereinafter "Defendant(s)") based off of acts done by Defendants in violation of constitutional limitation and in contravention to the Title VII of the Civil Rights Act causing damages upon Plaintiff ; and calls upon them to answer Plaintiff in these said actions in the Superior Court to wit:

**Short and Plain Statement of Claim**

Plaintiff is entitled relief wherein Plaintiff, one of the People, was terminated from employment based on Plaintiff's religious and intellectual aversion to the COVID vaccination. Defendants attempted to mandate the untested "vaccination" as a part of employment as a matter of compelled speech with knowledge of Plaintiffs religious and intellectual aversion and terminated Plaintiff's employment in excess of Title VIII of the Civil Rights Act.

**INTRODUCTION**

This is a matter brought forth pursuant to Defendants deprivation of rights and conspiracy to deprive rights and intentional tortious acts where Plaintiff was illegally terminated from gainful employment based on religious principle, attempted forced medical and compelled speech:

The primary cause of this action is to recoup damages for unlawful and illegal termination based on religious persecution in excess of Title VII to the Civil Rights Act of 1964.

The predicate acts alleged here cluster around I & XIV amendment prohibited acts, suppression and retaliation against first amendment protected rights and assertion of XIV amendment protected rights, wherein Plaintiff was unlawfully terminated based on religious and intellectual aversion to an untested "vaccination" that is a form of government compelled speech.

**Short summation of the issue:**

Plaintiff, an educated, licensed and trained therapist [M.Ed., LPC], was enjoying gainful employment at MERCY HOSPITAL SOUTH and was working virtually, meeting all clients over video or phone. MERCY HOSPITAL SOUTH issued an unconstitutional mandate that all employees must receive an untested, unknown "vaccination" for COVID 19. Plaintiff noticed Defendant of both intellectual and religious aversion to the untested "vaccine." Plaintiff was terminated based on the religious and intellectual aversion to an untested "vaccine." MERCY HOSPITAL SOUTH was found to be in violation of Title VII to the Civil Rights Act of 1964 by the U.S. Equal Employment Opportunity Commission [Hereinafter "EEOC"] who issued a right to sue on August 24, 2022.

**PARTIES**

Amy D. Burlison M.Ed., LPC, is one of the people of Missouri as recognized in the warrant that is the preamble to the Constitution for the United States of America, an American, having come of full age, having been found to be living.

MERCY HOSPITAL SOUTH is a medical facility which receives both State and Federal funding and is a subsidiary of MERCY HOSPITAL.

## FACTS OF THE CASE

1. Plaintiff now states the following facts regarding the events of October 31, in the year Two Thousand and Twenty-two and after, and declares the same in these causes of action to the best of his knowledge and recollection to wit:

2. At all times mentioned herein Plaintiff was and is one of the people, and a free American.

3. At all times mentioned herein Plaintiff is and was domiciled on private land, County of St. Louis County, republic of Missouri

4. At all times mentioned herein Plaintiff has been found to be living and has come of full age.

5. At all times mentioned herein Plaintiff was and is a free woman.

6. Plaintiff is a therapist with a psychology degree and titles M.Ed., LPC.

7. On December 4, 2013, Plaintiff began employment at St. Anthony's Medical Center which was purchased by MERCY HOSPITAL SOUTH.

8. Plaintiff worked an average of twenty-four (24) hours a week at a pay rate of $34.00 per hour.

9. Plaintiff was to see patients and did so virtually. Plaintiff administered assessments, ran virtual group counseling and did some utilization management.

10. On or around July 7, 2021, a mandate was issued by MERCY HOSPITAL SOUTH that all employees were to receive the untested "vaccine" for COVID 19 by September 30, 2021.

11. Plaintiff did not receive the vaccine and was placed on involuntary suspension until October 30, 2021, to comply with the mandate.

12. Plaintiff made a clear religious and intellectual aversion based on the Christian belief against abortion where the untested "vaccine" was developed utilizing aborted fetal cells.

13. Agents for MERCY HOSPITAL SOUTH challenged the fact that the untested "vaccine" utilized aborted fetus cells and Plaintiff provided proof of such.

14. On or around October 31, 2021, Plaintiff's employment with MERCY HOSPITAL SOUTH was terminated, the letter was signed by Cynthia Bentzen-Mercer.

15. In July, 2022, Plaintiff initiated a civil rights claim with the United States Equal Employment Opportunity Commission [EEOC Charge No. 560-2022-02483]

16. On August 24, 2022, the EEOC investigator Cynthia Basile issued findings that MERCY HOSPITAL SOUTH had violated Title VII of the Civil Rights Act in the unlawful termination and issued a "Notice of Right to Sue."

**Discussion:**

17. The vaccination for COVID 19 is known to be untested and has demonstrated publicly to have little to no prohibitive effects on the virus. Substantial harm to the population has been caused by the untested "vaccine" with side-effects up to and including death. The vaccination was fully pushed and supported by the US Government as safe and effective, neither of which have been true. The government propaganda behind the COVID vaccine is a form of compelled speech where those that do not follow the Governmental propaganda are punished by alienation, ridicule and termination of employment. Axiomatic, no agency, especially one receiving government funds, can mandate medical treatments on its employees. This matter becomes more egregious as the Defendant did so in direct opposition to the first amendment and Title VII of the Civil Rights Act as an act of religious persecution.

18. On August 24, 2022, an independent investigation through the Missouri Commission on Hu-

man Rights and the Equal Employment Opportunity Commission made findings that Defendant had terminated Plaintiff based upon Plaintiff's religious beliefs and issued a "Right to Sue" document. Plaintiff had made clear religious aversion and religious exemption to the untested "vaccine," yet Defendant mandated that Plaintiff receive the vaccine despite Plaintiff's religious aversion and, when Plaintiff maintained Plaintiff's religious beliefs, terminated Plaintiff. Plaintiff was terminated based on Plaintiff's religious beliefs in direct defiance of Title VIII of the Civil Rights Act.

## Claim One
## Violation of Title VII of the Civil Rights Act of 1964 Disparate Treatment/Failure to Accommodate on the Basis of Religion (42 U.S.C. § 2000e, et seq.)

19. Plaintiff re-alleges Paragraphs 1 through 15 as if stated fully herein;

20. Title VII of the Civil Rights Act prohibits an employer from terminating employment based on religious accommodation, absent proof that granting the accommodation would cause "undue hardship." 42 USC §§ 2000e(j), 2000e-2(a)(1); *EEOC v Abercrombie & Fitch Stores Inc*, 575 US 768, 774 (2015). This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). A plaintiff can therefore make out a *prima facie* case under Title VII by showing (1) she held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to hire—because of the plaintiff's inability to fulfill the job requirement; and

(3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) ¶ 7:620; see also *Abercrombie & Fitch*, 575 U.S. at 775.

21. While Title VII does not define "undue Hardship, the Supreme Court did so initially in *Trans World Airlines Inc. v Hardison*, 432, US 63 (1977) stating that anything that requires an employer to "bear more than a *de minimis* cost" imposes undo hardship *Id* at 84. However, since *Hardison*, the Supreme Court has repeatedly and unanimously confirmed that "there is ample room for accommodation of religion under the Establishment Clause." *Corporation of Presiding Bishop v Amos*, 483 US 327, 338 (1987). In this matter there was no hardship for accommodation within the parameters of *Hardison*. Plaintiff maintained the religious right to refuse an untested heavily propagandized "vaccine" and, given that Plaintiff was already working virtually and functioning within the role without in-person meetings, the accommodation standard had already been instituted thereby Defendant cannot assert any "undo hardship" in accommodating Plaintiff's religious aversion to the untested "vaccine;" Defendant refused to accommodate Plaintiff at all and simply terminated Plaintiff's gainful employment.

**Claim Two**

**Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k))**

22. Plaintiff re-alleges Paragraphs 1 through 18 as if stated fully herein;

23. The Defendant's unconstitutional mandate for the untested "vaccine" without any accommodation deprives and tends to deprive Plaintiff and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-im-

pact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k). Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants . . . in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2). Furthermore, the statute provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A). Even if facially neutral, the Defendant's categorical requirement that all employees receive a heavily propagandized and untested "vaccine" without exception, notation, or addendum causes a disparate impact on Plaintiff (and any similarly situated religious individual who shares her religious beliefs) by forcing her to abandon her religious objections or forgo employment.

24. As a direct and proximate result of this additional unlawful action by the Defendant under Title VII, Plaintiff suffered lost income and other economic and non-economic damages.

## Claim Three
### Acts in Excess of Amendment I; Freedom of Religion

25. Plaintiff re-alleges Paragraphs 1 through 21 as if stated fully herein;

26. Plaintiff embodies the absolute God-given right to be free from religious persecution. Defendant, who is heavily reliant of government funding, made a direct attack on Plaintiff's right to be free of religious persecution and ultimately terminated Plaintiff's employment based on the religious aversion to the untested "vaccine" fore COVID 19. In *Sherbert v. Verner*, 374 U.S. 398 (1963), the Supreme Court set prohibition of forcing a person to vio-

late their sincerely held religious beliefs in order to secure employment. To create this ultimatum, *Sherbert* observed, would force the affected party "to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept work, on the other hand. Governmental imposition of such a choice puts the same kind of burden upon the free exercise of religion as would a fine imposed against [the plaintiff] for her Saturday worship." *Id.* at 404. The Defendant's ultimatum for Plaintiff—to obtain employment only by violating her religious beliefs—violates *Sherbert* because it forces Plaintiff into this impermissible choice. Furthermore, Defendant violated Plaintiff's First Amendment rights for the additional reason that, by insisting on the untested "vaccine" requirement, it infringed upon Plaintiff's combined rights of free exercise of religion and free speech. As the Supreme Court has explained, even where there is a "neutral, generally applicable law," the First Amendment can nonetheless be violated where that law infringes on both "religiously motivated action" and the "freedom of speech." *Emp. Div., Dep't of Hum. Res. v. Smith*, 494 U.S. 872, 881 (1990).

27. Plaintiff was harmed by the attack on Plaintiff's religion by lost wages, public humiliation and scrutiny and deprivation of right.

## Claim Four
### Acts in excess of amendments I; Compelled Speech

28. Plaintiff re-alleges Paragraphs 1 through 26 as if stated fully herein;

29. There is no science, law, statute or facts that support the premise that the "vaccine" will stop any virus and such premise is under heavy debate where current findings are indicating that the untested "vaccine" is more harmful than beneficial. However, the "pros and cons" of the untested "vaccine" are not of issue; what is of issue is the fact that the vaccine is overly

propagandized by the government and such speech is being forced on Plaintiff. In attempting to force Plaintiff to take an untested "vaccine" to enjoy Plaintiff's God-given right to make a living, Defendants forced the government-approved message that is contrary to Plaintiff's personal beliefs as per *West Virginia State Bd. of Educ. v. Barnette* 319 U.S. 624 (1943). The state policy constituted "a compulsion of students to declare a belief. . . . It requires the individual to communicate by word and sign his acceptance of the political ideas [the flag] bespeaks." *Id* at 631, 633. The power of a state to follow a policy that "requires affirmation of a belief and an attitude of mind," however, is limited by the First Amendment, which, under the standard then prevailing, required the state to prove that for the students to remain passive during the ritual "creates a clear and present danger that would justify an effort even to muffle expression." *Id* at 633, 634. See also *Janus v. American Federation of State, County, and Municipal Employees, Council* 31, 585 U.S. \_\_\_, No. 16-1466, slip op. at 9 (2018) (noting that compelled speech imposes a distinct harm by "forcing free and independent individuals to endorse ideas they find objectionable" ). We also review *Wooley v. Maynard*, 430 U.S. 705 (1977) which voided a requirement by the state of New Hampshire that motorists display passenger vehicle license plates bearing the motto "Live Free or Die" where the state had prosecuted vehicle owners who covered the motto on their vehicle's license plate.

30. The "vaccine" is a medical device and the Government, and any corporation, is prohibited from forcing its medical agenda on those that do not support the government's stance *See Nat'l Inst. of Family and Life Advocates v. Becerra*, 585 U.S. \_\_\_, No. 16-1140, slip op. at 7 (2018). Specifically, in *National Institute of Family and Life Advocates v. Becerra*, the Court reviewed a California law that, in relevant part, required medically licensed crisis pregnancy centers to notify women that the State of California provided free or low-cost

services, including abortion. *Id.* at 2–4 (describing the California law). For the Court, "[b]y requiring [licensed clinics] to inform women how they can obtain state-subsidized abortions—at the same time [those clinics] try to dissuade women from choosing that option," the California law "plainly alters the content" of the clinics' speech, subjecting the law to heightened scrutiny. *Id.* at 7 (internal citations and quotations omitted). Plaintiff does not support the government narrative that an untested vaccine is safe and will stop a virus and Plaintiff weas forced to support the government narrative or face termination, deprivation of the right to work. Plaintiff was harmed by the enforcement of compelled speech by MERCY HOSPITAL SOUTH where Plaintiff has faced humiliation, economic hardship and persecution.

## Claim Five
## Acts in excess of amendment XIV; Medical Retaliation

31. Plaintiff re-alleges Paragraphs 1 through 29 as if stated fully herein;

32. The right to decide what is medically done to ones own body is a well-established right; "The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions*." Cruzan v. Director, Missouri Department of Health*, (88-1503), 497 U.S. 261 (1990). Plaintiff was forced into a situation by a corporation which utilizes heavy government funds to decide between employment or an untested, unwanted medical treatment. No free America should ever be placed in such a position as the right to decide what one does with their own body is well established. MERCY HOSPITAL

SOUTH, who should hold the utmost respect for the peoples right to deny unwanted and especially untested medical treatment, deliberately acted in excess of Plaintiff's basic liberty right and interest in the mandated vaccination requirement. Plaintiff was working remotely at the time, not meeting patients in person, which negates any concern of virus transmission rendering the attempted forced application of an untested "vaccine" not only a direct infringement on Plaintiff's basic human rights, but a ludicrously unnecessary attack on Plaintiff. Plaintiff received ridicule, loss of wages, persecution and humiliation for the acts of Defendant that are in direct contravention to supreme law.

**Conclusion:**

33. Plaintiff was terminated from employment based upon religious and intellectual aversion to an untested, highly propagandized "vaccine" mandate. Plaintiff has suffered damages, both economic thorough lost wages and through the abusive nefarious acts of Defendant which has harmed Plaintiff's resume and caused emotional damages based on the ostracization and alienation from Plaintiff's profession. Plaintiff has rights to recoup years worth of income and receive punitive damages for the blatant attack on Plaintiff's constitutionally protected rights.

## RELIEF REQUESTED

*Wherefore*, Plaintiff requests judgment against all named Defendants as follows:

34. That upon the findings in favor of Plaintiff that Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several predicate acts in excess of Plaintiffs inalienable and unalienable rights, for the humiliation and abuse of authority according to the best available proof, this shall include $350,000.00.

35. That upon the findings in favor of Plaintiff Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants unlawful termination by paying four years of Plaintiffs agreed salary of $39,168.00 Totaling $156,672.00.

36. That upon the findings in favor of Plaintiff, Defendants pay to Plaintiff her costs of the lawsuit incurred herein including, but not limited to, all necessary research, all nonjudicial enforcement and all reasonable counsel's fees, at a minimum of $350.00 per hour worked (Plaintiff's standard professional rate at start of this action).

37. That the court make an order that shall Defendant not cure the judgment debt within thirty (30) days from the date of judgment, the amount shall double (2x).

38. That this court make an order that shall Defendant retaliate in any way, the judgment debt be multiplied by five (5x) the original judgment debt.

39. That this shall be payable to Plaintiff in constitutional or lawful money redeemable in gold or silver coin pursuant to Art. 1 Sec. 10 of the Constitution for the United States of America.

40. For such other and further relief as this Court deems equitable and proper.

## VERIFICATION

I, Amy D. Burlison *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution") on this, August 23, 2022.

Amy D. Burlison
One of the People -Plaintiff
1039 Acorn Hollow Ct.
Fenton MO 63026