In

United States District Court, Eastern District of Missouri,
Republic of Missouri

Amy D. Burlison
*Plaintiff*

v.

MERCY HOSPITAL SOUTH, a corporation
*Defendant(s)*

CASE # 22 CV 1017

AFFIDAVIT AND
MOTION FOR SUMMARY JUDGMENT

## AFFIDAVIT AND
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Amy D. Burlison, plaintiff, *sui juris*, upon the record of Plaintiff's court without prejudice and respectfully moves the court for summary judgement as per FRCP 56(a) as there is no general dispute and the matter has been previously adjudicated baring any argument and states the following in support thereof to wit:

**Authority:**

**Rule 55. Summary Judgment**

a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**Affidavit of facts:**

1. On December 4, 2013, Plaintiff began employment at St. Anthony's Medical Center which was purchased by MERCY HOSPITAL SOUTH.

2. Plaintiff worked an average of twenty-four (24) hours a week at a pay rate of $34.00 per hour.

3. Plaintiff was to see patients and did so virtually. Plaintiff administered assessments, ran virtual group counseling and did some utilization management.

4. On or around July 7, 2021, a mandate was issued by MERCY HOSPITAL SOUTH that all employees were to receive the untested "vaccine" for COVID 19 by September 30, 2021.

5. Plaintiff did not receive the vaccine and was placed on involuntary suspension until October 30, 2021, to comply with the mandate.

6. Plaintiff made a clear religious and intellectual aversion based on the Christian belief against abortion where the untested "vaccine" was developed utilizing aborted fetal cells.

7. Agents for MERCY HOSPITAL SOUTH challenged the fact that the untested "vaccine" utilized aborted fetus cells and Plaintiff provided proof of such.

8. On or around October 31, 2021, Plaintiff's employment with MERCY HOSPITAL SOUTH was terminated, the letter was signed by Cynthia Bentzen-Mercer.

9. In July 2022, Plaintiff initiated a civil rights complaint with the United States Equal Employment Opportunity Commission [EEOC Charge No. 560-2022-02483] and the legislative judicial process commenced.

10. Defendant was due process summoned to appear to the court process and no agent for Mercy Hospital made appearance.

11. On August 24, 2022, the EEOC court by way of investigator Cynthia Basile issued findings and adjudication that MERCY SOUTH HOSPITAL had violated Title VII of the Civil Rights Act in the unlawful termination and issued a "Notice of Right to Sue" allowing Plaintiff to claim damages

12. On 9/26/2022 Plaintiff filed a CLAIM (not a "complaint") on the record, paid the filing fee, and 22CV1017 commenced. [EFC doc. 1]

13. On 9/29/2022 summons was served upon Defendant by a disinterested third party over the age of eighteen (18).

14. On 10/3/2022 The summons was filed on the record of the court [EFC Doc 3].

15. On 11/4/2022 Defense filed a memorandum stating Pg. 2 *"Plaintiff did not receive the COVID-19 vaccination. See Amended Compl. ¶ 11. She made a request for a religious exemption, stating she had a "clear religious and intellectual aversion based upon her Christian belief against abortion" alleging the vaccine being administered was "developed utilizing aborted fetal cells." Amended Compl. ¶ 12. Plaintiff was ultimately separated 2 In 2017, St. Anthony's became affiliated with Mercy, and in 2018, St. Anthony's became known as Mercy Hospital South. Prior to that affiliation, Plaintiff was not an employee of any Mercy entity. Case: 4:22-cv-01017-SEP Doc. #: 15 Filed: 11/04/22 Page: 2 of 16 PageID #: 88 3 from employment as she did not receive the COVID-19 vaccine. Amended Comp. ¶ 14."*

**Discussion:**

16. As a function of law, this court is limited solely to the enforcement of the Article I EEOC court and is enjoined by constitutional separation of powers from re-adjudicating that whish

was previously adjudicated therein. Congress, under its "exclusive Legislative Authority" [Article I Sec. 8 Clause 17] enacted the Civil Rights Act empowering the Equal Employment Opportunity Commission [EEOC] jurisdiction to act as a legislative Article I court and perform judicial acts and thus are the final judge and authority over the controversies that arise under Title VII of the Civil Rights Act as per Article I sec. 8 Clause 9. This court is *NOT* the final judge over the controversies, this court is merely a mechanism to enforce the final judgment and for Plaintiff to claim damages as a matter of right.

17. The EEOC held its Article I court and provided fair notice and fair due process; the Defendant declined of its own volition to participate in the process barring any *ex post facto* arguments to the matters decided and adjudicated therein. To be clear, on and for the record, the United States Government held a court under Article I Sec. 8 Cl. 9 and found that the Defendant violated Plaintiff's constitutionally protected human rights. That Mr. Paul does not believe the EEOC to have relevance, as stated in discussion, is of no moment for the United States Legislature and the People hold the Civil Rights Act to be very relevant and thusly the EEOC is granted full legislative authority by constitutional mandate to adjudicate matters under Title VII which occurred according to due process of law. The legislative EEOC court made findings and adjudicated that Plaintiff has the **_RIGHT_** to sue for damages. This is not a privilege or a hope in the wind, this is a guaranteed right, enforceable and protected as mandated by the United States Legislature and commanded upon this court for enforcement thereof.

18. The arguments brought by the Defense are arguments that should have been brought in the Article I EEOC court and are not proper and/or permissible in this Article III court where the functionality is enforcement of the Article I court judgment. Defendant was due process summoned to the Article I EEOC court, elected not to participate and defaulted. The defense has

stated and demonstrated unconscionable distain and mockery of the EEOC process and the rights of the People to the extent of again mocking and maliciously attacking Plaintiff's religious convictions on the record of this very court. The Defense claims Defendant to be both above the law of man and above the law of God and not culpable for human rights violations which, if true, were matters to be brought in the Article I court as this court is merely a mechanism for the enforcement of the Article I court decision limited to deciding the amount of damages and not to decide "if" Plaintiff was damaged as such is an adjudicated fact in evidence. Defendant failed to speak when summoned to the Article I EEOC court and thereby is enjoined from making any such arguments herein under this Article III Court *ex post facto*. The matter at hand, the amount of damages owed, has not been disputed by the Defense who has thereby acquiesced to the requested damages.

19. There is no/can be no dispute as to the material facts and no dispute has been made to the relief requested which is the purpose of this court. Within the memorandum of 11/4/2022 The defense fully agrees/admits/confesses that Plaintiff was terminated based on Plaintiff's religious refusal to take a dangerous, untested and ineffective COVID "vaccine" which utilized aborted fetus cells in the production thereof. Since Plaintiff's termination it is widely accepted knowledge that the untested "vaccine" is more harmful than it is beneficial. It is provable that the "vaccine" does little to nothing to prevent the COVID transmission and has proven harmful side-effects up to and including a higher mortality rate than COVID itself. Since Plaintiff's unlawful termination, the Supreme Court has reversed *Roe v Wade* which has implications herein. As per Page 2 of the 11/4/2022 Memorandum the Defense makes clear that Plaintiff was not permitted religious exemption from poisoning Plaintiff's body and, despite granting others such exemption, discriminately denied Plaintiff's God-given

rights and terminated Plaintiff based on Plaintiff's tightly held religious beliefs and convictions. The true irony is that Plaintiff's beliefs are consistent with that of the Catholic Church which has cast-aside its religious convictions to join the modern-day People's Temple Movement and punished Plaintiff for not drinking the proverbial "kool-aid."

20. Settlement discussions have not occurred. The Defense team has been abrasive, malicious and abusive, openly mocking Plaintiff's religious convictions and, given the immature and offensive behavior exhibited by Mr. Paul specifically, Plaintiff does not find further discussion between the parties to be beneficial. It is an undeniable fact that Plaintiff has been denied basic human rights by the Defendant and the Defense has carried on this abusive rhetoric onto the record of this court, openly attacking Plaintiff's tightly held religious beliefs and attacking Plaintiff personally.

21. Plaintiff is entitled judgment as a matter of law. The Article I EEOC court has ordered that Plaintiff has the "**_RIGHT_**" to sue for damages for the abuse on Plaintiff's God-given human rights by the Defendant. The Defense has not made any challenge to the amounts requested but instead attempted to claim some unholy immunity from law *ex post facto*.

22. Plaintiff's motion is timely as per FRCP 56(b) "…a party may file a motion for summary judgment <u>at any time</u> until 30 days after the close of all discovery." There is no discovery process as the matter has been previously adjudicated and this court is enjoined from challenging the decisions of the Article I court. FRCP 1 guarantees a speedy and effective process and, given that this matter has been effectively adjudicated under an Article I court and where the defense herein has made no challenge to the relief amounts requested, the Article I court findings are ripe for enforcement.

**Conclusion:**

23. Plaintiff has demonstrated that there is no dispute to the facts and that Plaintiff is entitled Article III judgment as function of law. The record reveals no general dispute to the amound of damages requested which is the crux matter and purpose of this court to adjudicate. It stands as an undisputable and undisputed fact in evidence, adjudicated under constitutional authority as per Article I Sec. 8 Cl. 9, that Defendant wrongfully terminated Plaintiff based upon Plaintiff's religious beliefs regarding the use of aborted fetus cells which is now more than ever more predominant given the reversal of *Roe v. Wade*. The caterwauling by the defense is meritless dribble, being illegitimately and unethically brought *ex post facto* where this court is enjoined under constitutional separation of powers from re-adjudicating the findings and determinations of the Article I due process. The Defense has acted in a manner unbecoming of an officer of the court, leaving the Plaintiff to seek summary judgment to which the court "shall" grant as per the plain language of Rule 56(a).

*Wherefore* Plaintiff respectfully moves the court to enter full summary judgment in favor of Plaintiff on the record and the court is so moved.

**VERIFICATION:** I, Amy D. Burlison *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution") on this, December 21, 2022.

                                                   Amy D. Burlison
                                               One of the People -Plaintiff
                                                  1039 Acorn Hollow Ct.
                                                     Fenton MO 63026

Signed and sworn before me on this, October 21, 2022

Name: _Jennifer L Nowlin_   My commission expires: _5/16/2026_

Signature: _Jennifer L nowlin_   Seal: [Notary Seal: Jennifer L. Nowlin, Notary Public, Notary Seal, 14873346, Jefferson County, State of Missouri, Commission Expires 05/16/2026]

7 OF 8

**Certificate of Service:**

I hereby affirm that a true and accurate copy of the forgoing was delivered to Defendant Mercy Hospital South by depositing a copy with USPS potage paid on this, December 21, 2022.

Amy D. Burlison<br>
One of the People -Plaintiff<br>
1039 Acorn Hollow Ct.<br>
Fenton MO 63026